IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02118-BNB

RONNIE VIGIL,

    Applicant,

v.

WARDEN GOODRICH, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Ronnie Vigil, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado.  Mr. Vigil initiated this action by filing *pro se* on August 7, 2013, an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his Colorado conviction in the District Court of Jefferson County, Colorado, in Case No. 04CR2089.  On the same date, he filed an amended habeas corpus application (ECF No. 5) that appears to be substantially similar to the original application.  Mr. Vigil has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On August 8, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  ECF No. 4.  On August 12, 2013, Respondents submitted their pre-

answer response (ECF No. 8). Mr. Vigil replied on September 3, 2013 (ECF No. 10).

The Court must construe Mr. Vigil's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action as barred by the one-year limitation period.

On September 23, 2005, Mr. Vigil pleaded guilty in Jefferson County District Court Case No. 04CR2080 to one count of sexual assault on a child by one in a position of trust. ECF No. 8, ex. A (state court register of actions) at 5. On November 17, 2005, he was sentenced to an indeterminate sentence of two years to life in the DOC. *Id.* He did not appeal directly from his conviction and sentence.

On June 17, 2008, the trial court denied the postconviction motion he filed pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure (Colo. R. Crim. P.). *Id.* The state court register of actions does not reflect when the motion was filed. *Id.*

On October 6, 2008, Mr. Vigil filed a postconviction motion pursuant to Colo. R. Crim. P. 35(c), *id.*, which the trial court denied on January 16, 2009. ECF No. 8, ex. A at 4. Mr. Vigil appealed. Because the opening brief had not been filed by the due date of August 11, 2009, the Colorado Court of Appeals sent Mr. Vigil a letter notifying him of the overdue brief and requesting a response. ECF No. 8, & ex. B at 2. Mr. Vigil failed to respond by November 2, 2009, the date ordered, and the Colorado Court of Appeals issued an order to show cause why the appeal should not be dismissed. *Id.* Mr. Vigil failed to respond to the order to show cause, and the Colorado Court of Appeals

dismissed the appeal on December 22, 2009. *Id.*

On January 25, 2010, Mr. Vigil sought reconsideration of the dismissal, which the Colorado Court of Appeals denied on February 2, 2010. *Id.* He did not seek further review. *Id.*

As previously stated, on August 7, 2013, Mr. Vigil filed the instant habeas corpus application and a substantially similar amended application. He asserts two claims that:

> (1)   He was incapable of preparing an opening brief for his Colo. R. Crim. P. 35(c) postconviction motion, apparently asserting a claim of ineffective assistance of counsel, because he was moved while he was being assisted by a jail attorney. ECF No. 5 at 5, 10.
>
> (2)   He had ineffective assistance of trial counsel because his attorney failed to inform him of the magnitude and consequences of his plea agreement, sentence, required sex offender treatment, and parole. ECF No. 5 at 10.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

3

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court must determine whether any of Mr. Vigil's state court postconviction proceedings tolled the one-year limitation period. Pursuant to § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. The issue of whether a post-conviction motion is pending is a matter of federal law. *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Because the date Mr. Vigil filed his Colo. R. Crim. P. 35(b) is not available, the Court will begin its calculation of the one-year limitations period with the February 2, 2010, denial of his motion of reconsideration. In the motion, he sought reconsideration

of the December 22, 2009, dismissal of his appeal from the denial of his Rule 35(c) postconviction motion. Mr. Vigil would have been allowed forty-five days, or until March 19, 2010, in which to petition for certiorari review from the February 2, 2010, order. *See Gibson*, 232 F.3d at 804; *see also* Colo. App. R. 4(b) (2011) (subsequently amended and adopted December 14, 2011, effective July 1, 2012, to allow forty-nine days for appeal).

Therefore, he had until March 19, 2011, in which to file a § 2254 application in this Court, which he failed to do until August 7, 2013. As a result, the limitations period expired over two years before Mr. Vigil filed the instant action.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722

(1991).  Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim.  See *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).  However, to be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  *Schlup*, 513 U.S. at 324.  The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Id*. at 327.  The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."  *Id.* at 324.  Mr. Vigil's ignorance of the law does not justify the extraordinary remedy of equitable tolling.  See *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Hallcy v. Milyard*, 387 F. App'x 858, 860 (10th Cir. 2010).

Mr. Vigil fails to demonstrate any reason for this Court to toll the one-year limitation period.  Therefore, under § 2244(d), Mr. Vigil is time-barred from filing a federal habeas corpus action in this Court.  Because the action clearly is time-barred, the Court will refrain from addressing Respondents arguments as to whether Mr. Vigil's claims are exhausted and procedurally defaulted.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Vigil files a notice of appeal he must also pay the full $455.00 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  25th  day of   November  , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court